# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Yeng Vang,<br><br>    Petitioner,<br><br>v.<br><br>Jefferson B. Sessions III, Attorney General;[1] John F. Kelly, Secretary of the Department of Homeland Security;[2] and Scott Baniecke,[3]<br><br>    Respondents. | Case No. 16-cv-2705 (SRN/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

On August 11, 2016, Petitioner Yeng Vang filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 challenging his custody by U.S. Immigration and Customs Enforcement (ICE) [Doc. No. 1]. As set forth below, the Court recommends that the Petition be denied as moot.

---

[1] Jefferson B. Sessions III, is now the Attorney General of the United States. Pursuant to Federal Rule of Civil Procedure Rule 25(d), Jefferson B. Sessions III is substituted for Loretta Lynch as the Respondent in this action.

[2] John F. Kelly is now the Secretary of the Department of Homeland Security. Pursuant to Federal Rule of Civil Procedure Rule 25(d), John F. Kelly is substituted for Jeh Johnson as the Respondent in this action.

[3] Respondents state that Jason Sieving is improperly named as a respondent, and the proper respondent in an immigration detention habeas manner would be the ICE representative who controls Petitioner's custody, in this case Scott Baniecke, the local ICE Field Officer Director. Pursuant to Federal Rule of Civil Procedure Rule 25(d), Scott Baniecke is substituted for Jason Sieving as the Respondent in this action.

**I.     Background**

According to the Petition, Vang had been held by ICE at the Carver County Jail in Chaska, Minnesota, pending his removal from the United States. (Pet. ¶ 1 [Doc. No. 1].) He had been in the custody of ICE since January 15, 2016. (Pet. ¶ 11.) Vang filed his habeas petition on August 11, 2016, seeking immediate release from ICE custody pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), because more than six months had passed since he was first detained. (Pet. ¶ 18.)

On September 15, 2016, Respondents filed a response to the Petition asking the Court to dismiss the petition as moot because Vang was released from ICE custody on September 7, 2016 [Doc. No. 3]. Respondents released Vang conditionally on September 7, 2016, with an Order of Supervision requiring Vang to not associate with known gang members or criminals, to not commit any crimes, to report to his parole or probation officer, to follow doctor's orders regarding prescriptions, to provide ICE with written copies of requests to Embassies or Consulates requesting the issuance of a travel document, and to provide ICE with written responses from the Embassy or Consulate regarding his request. (Campbell Decl. Ex. 1 [Doc. No. 5].) The Order of Supervision noted that "[a]ny violation of the above conditions will result in revocation of your employment authorization document," and "[a]ny violation of these conditions may result in you being taken into Service custody and you being criminally prosecuted." (*Id.*)

Vang has not filed a reply to the response.

**II.    Analysis**

In his petition, Vang asked the Court to immediately release him from custody. He explained that six months had passed since ICE gained custody over him on January 15, 2016, and that he had not been deported in that time. Vang argued his Consulate of Laos is not issuing any travel documents, and his deportation is not significantly likely to occur in the future.

But after Vang filed his petition for habeas relief, he was released from custody on conditions established by ICE. Vang filed no supplemental materials challenging the conditions of his release.

Respondents request that Vang's Petition be denied as moot. Respondents cite Article III, Section 2 of the United States Constitution, which reads in part: "The judicial power shall extend . . . to controversies to which the United States shall be a party." U.S. Const. art. III, § 2. Respondents explain that since Vang is no longer incarcerated, then the relief he is requesting has already been granted, and there is therefore no longer any controversy. Since there is no controversy, Respondents argue, the Court no longer has jurisdiction over the case. Accordingly, Respondents request the Court to dismiss the case and deny Vang's Petition.

Respondents correctly identify the jurisdictional issue Article III creates. "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (en banc) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)). "When, during the course of litigation, the issues presented in a case lose their life because of the

passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Id*. (quotations omitted). Article III mootness implicates the subject-matter jurisdiction of the Court. "If an issue is moot in the Article III sense," the court has "no discretion and must dismiss the action for lack of jurisdiction." *Id*. at 724.

Vang's release from incarceration leaves nothing for the Court to grant by way of habeas relief. Any order by the Court requiring ICE to conditionally release Vang from incarceration would be ineffectual.

That said, a petitioner's release from custody does not always *automatically* render a habeas petition moot. *See Sayonkon v. Beniecke*, No. 12-cv-0027 (MJD/JJK), 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)), *R. & R. adopted*, 2012 WL 1622545 (D. Minn. May 9, 2012)). There are exceptions to the mootness doctrine; the question of whether a habeas petition is moot following a petitioner's release from prison rests on the potential application of those exceptions. *Id.* A court should not dismiss a habeas petition as moot if any of the following exceptions apply:

> (1) secondary or collateral injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (quotations omitted).[4]  As explained below, none of these potential exceptions apply here.

First, the collateral injury exception applies where there is "some concrete and continuing injury other than the now-ended incarceration or parole." *Spencer*, 523 U.S. at 7.  In this case, there are no collateral consequences to ICE's release of Vang.  Vang himself has not complained of the release.  He has not complained about the fact that his release is conditioned on several factors, including his continued cooperation with ICE as they seek travel documents that, if attained, would result in Vang's deportation.  In short, this Court cannot conceive of any concrete and continuing injury on which this case could be maintained.  *See id.*

Second,

> The capable-of-repetition doctrine applies only in exceptional situations where the following two circumstances are simultaneously present:  (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.

---

[4] There are four District of Minnesota cases with facts similar to instant case, where petitioners' requests to be released from custody were denied for mootness due to the fact that the petitioners had already been conditionally released.  All four cases discuss the four exceptions to mootness described in *Riley*, and each case found that none of the *Riley* factors applied to the facts of their case.  *See Mohamed v. Lynch*, No. 15-cv-2726 (JRT/LIB), 2016 WL 543164, at *3-4 (D. Minn. Jan. 26, 2016); *Ali v. U.S. Dept. of Homeland Sec.*, No. 13-cv-864 (PJS/FLN), 2014 WL 1608267, at *2-3 (D. Minn. Apr. 17, 2014); *Rennie v. Baniecke*, Civ. No. 12-cv-1715 (RHK/JJG), 2013 WL 1407675, at *1-3 (D. Minn. Mar. 15, 2013); *Sanyonkon v. Baniecke*, No. 12-cv-27 (MJD/JJK), 2012 WL 1621149, at *2-5 (D. Minn. Apr. 17, 2012), *R. & R. adopted*, 2012 WL 1622545 (D. Minn. May 9, 2012).

*Id.* at 17 (quotations, citations, and alterations omitted). Granted, the period for which ICE may detain someone pending the accumulation of paperwork needed to deport them to another country should not exceed six months. As such, cases like Vang's, in which someone detained by ICE is released from custody with restrictions before their habeas petition has been adjudicated by the court, are not uncommon.[5] However, there is no indication anywhere in the record, let alone a "reasonable expectation," that Vang is likely to be held in custody by ICE again; as long as he fulfills the terms of his conditional release, it is reasonable to expect that he will not be re-detained.

To illustrate, in *Ali v. U.S. Dept. of Homeland Sec.*, No. 13-cv-864 (PJS/FLN), 2014 WL 1608267, at *1 (D. Minn. Apr. 17, 2014), Ali was released by ICE on conditions of supervision. In determining that Ali's case should be dismissed for mootness and that such a dismissal would not put Ali at risk for further incarceration, the court explained, "No evidence before this Court suggests that Ali will again be detained by ICE for a lengthy duration. According to the conditions governing Ali's release, Ali will remain at large, subject to supervision by ICE, until documents are obtained to effectuate removal." *Id.* at *2. Similarly, Vang has made no mention of any fear or prospect of being re-incarcerated. Therefore, the capable-of-repetition exception does not apply.[6]

---

[5] *See supra* note 4 and the four cases cited therein.

[6] In *Riley*, the Tenth Circuit dismissed any concern over the circumstances of the petitioner's release and possible re-incarceration because "the record provides inadequate development and support of this issue." *Riley*, 310 F.3d at 1257. Similarly, the issue of Vang's potential re-incarceration is not developed in the present record, and Vang has not contacted the Court since his release.

Third, voluntary cessation of offensive conduct will not moot litigation if it is clear that the defendant or respondent changed course simply to deprive the Court of jurisdiction. *See Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1333 (11th Cir. 2005). But there is no indication that ICE released Vang from custody in order to deprive this Court of an opportunity to review its decision about when and under what conditions Vang should be released. Instead, conditions of release are standard practice, and ICE provided Vang with a standard Order of Supervision explaining the typical conditions of release to which he would be subjected. Nothing about ICE's conduct suggests that it acted purposefully to avoid the Court's jurisdiction over this matter.

Fourth, the exception relating to properly certified class actions is plainly inapplicable, as this matter involves a request for relief by an individual on his own behalf, not a request for relief on behalf of a class of individuals.

In sum, because this case is now moot and none of the exceptions to the mootness doctrine apply, this Court lacks subject-matter jurisdiction over Vang's habeas petition. Therefore, this action should be dismissed without prejudice.[7]

Accordingly, based on all the files, records, and proceedings herein **IT IS HEREBY RECOMMENDED** that:

1. The Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. No. 1] be **DENIED AS MOOT**;

---

[7] The Court recommends dismissal without prejudice so that if Vang is re-detained by ICE, he is not foreclosed from filing a new habeas petition challenging that detention. *See Ali*, 419 F.3d at 724.

2. This case be **DISMISSED WITHOUT PREJUDICE**.


Dated: May 31, 2017                               s/ *Hildy Bowbeer*
                                                  HILDY BOWBEER
                                                  United States Magistrate Judge


**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.